Electronically FILED by Superior Court of California, County of Los Angeles on 12/20/2019 12:13 AM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Perez, Deputy Clerk
19STCV46170

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: William Fahey

1   Joseph Daneshrad, Esq., SBN 147709
2   Daneshrad Law Firm, APC
    12400 Wilshire Boulevard, Suite 400
3   Los Angeles, California 90025
    Telephone: (310) 447-3544
4   Facsimile: (310) 447-3553

5

6   *Attorneys for Plaintiffs*

7

8          **SUPERIOR COURT FOR THE STATE OF CALIFORNIA**

9          **COUNTY OF LOS ANGELES – CENTRAL DISTRICT**

10

11  JACOB DANESHRAD; JOSEPH            | Case No.   19STCV46170
12  DANESHRAD; HASSAN
    BLURFRUSHAN,                       | COMPLAINT FOR:
13
                    Plaintiffs,        | 1.  **BREACH OF FIDUCIARY DUTY;**
14                                      | 2.  **INTENTIONAL INTEREFRENCE**
15  vs.                                |     **WITH CONTRACTUAL RELATIONS;**
                                        | 3.  **NEGLIGENCE;**
16  TREAN GROUP, LLC; NANCY            | 4.  **FRAUD BY FALSE PROMISE;**
17  STUBENRAUCH; MARK FRANTZ;          | 5.  **FRAUD IN THE CONCEALMENT;**
    and DOES 1 to 100, inclusive,      | 6.  **FRAUD BY INTENTIONAL**
18                                      |     **MISREPRESENTATION; AND**
19                  Defendants.        | 7.  **NEGLIGENT MISREPRESENTATION**

20

21

22

23

24

25

26

27

28

                              1
                          COMPLAINT

1      Plaintiffs Jacob Daneshrad, Joseph Daneshrad and Hassan Blufrushan (herein

2  collectively referred to as "Plaintiffs") hereby complain against Trean Group, LLC, Nancy

3  Stubenrauch, Mark Frantz and DOES 1 to 100, inclusive (hereinafter collectively referred

4  to as "Defendants"):

5      1.  Plaintiffs are, and at all relevant times were, residents of the County of Los

6  Angeles, State of California.

7      2.  The true names or capacities, whether individual, corporate, associate, or

8  otherwise of DOES 1-100, inclusive and each of them, are unknown to Plaintiffs who,

9  therefore, sue said DOES by such fictitious names and will ask leave to amend this

10  Complaint to show their true names and capacities when same have been ascertained.  On

11  information and belief, Plaintiffs allege that each of the DOES is responsible in some

12  manner for the occurrences herein alleged and that Plaintiffs' damages as herein alleged

13  were proximately caused by the DOES.

14      3.  Plaintiffs are informed and believe and thereon allege that at all times material

15  hereto, each Defendant acted as an agent, duly authorized, for and on behalf of each other

16  Defendants within the course and scope of such agency and authority.

17            **FACTUAL ALLEGATIONS**

18      4.  Plaintiffs ("Plaintiff") are a group of high net worth investors who have more

19  than 15-year experience in trading futures options.  Defendants "Defendants" are futures

20  Introducing Broker (the "IB").  In or about August 2018, Defendants approached Plaintiffs

21  to use their services as an introducing broker.

22      5.  Plaintiffs advised Defendants as to exactly what type of trading they were

23  interested in conducting and discussed margin and risk requirements as well as brokerage

24  fees.  Defendants recommended to Plaintiffs the Clearing Firm of FCStone ("FCStone")

25  and advised Plaintiffs as to FCStone's fees and risk policies for the type of trading

26  Plaintiffs were interested.

27      6.  Plaintiffs produced to Defendants the latest trade statements with the prior

28  brokerage and Defendants assured Plaintiffs that Defendants and FCStone were agreeable

1 to the trade practices of Plaintiffs and that as long as Plaintiffs comply with the margin and

2 risk requirements of FCStone, Plaintiff should have no problem using the services of

3 Defendants.  Defendants also represented to Plaintiffs that they had the knowledge and the

4 expertise to handle Plaintiffs' trading activity.

5     7.  Based on the representations made by Defendants, Plaintiffs opened 4 accounts

6 with FCStone and deposited about One million dollars in total for trading.   However, on

7 or about December 31, 2018 when the market was at its lowest, Defendants, in bad faith,

8 and in violation of their fiduciary duty to Plaintiffs and without any regard for Plaintiffs'

9 interests, decided that they no longer wanted to be Plaintiffs' broker, knowing full well that

10 their decision would force FCStone to stop allowing Plaintiffs to trade any more.  That is

11 exactly what happened.

12     8.  Once Defendants advised FCStone that they no longer wished to be the broker

13 for Plaintiffs, FCStone froze all of Plaintiffs accounts and placed al the accounts on

14 "closing only" restrictions.  Plaintiff's accounts were put on "closing only" position not

15 because Plaintiffs were in violation of any of the FCStone's margin requirements or risk

16 assessment, but solely because Defendants simply decided to pull the rug from under

17 Plaintiffs.  As a result, Plaintiffs were forced to liquidate all of their positions and close the

18 accounts and suffered over $500,000.00 in damages.

**FIRST CAUSE OF ACTION**
*(Breach of Fiduciary Duty)*

19
20     9.  Plaintiffs re-allege the preceding paragraphs and incorporate them herein by

21 reference.

22     10.  At all times herein mentioned, Defendants owed fiduciary duties to Plaintiffs

23 to deal fairly, honestly, and openly, since they were the representatives, agents and brokers

24 for Plaintiffs in their dealings with FCStone.

25     11.  Defendants breached their fiduciary duties to Plaintiffs by knowingly,

26 intentionally and without any reasonable basis deprived Plaintiffs of their ability to trade

27
28

1  their positions with FCStone at the time when Plaintiffs were in their most vulnerable
2  position without any concern for the interests of Plaintiffs.
3      12.   As a direct and proximate result of the breach of fiduciary duties by Plaintiffs,
4  Defendants have been damaged, in an amount, according to proof at trial.
5      13.   Klein's conduct alleged above were outrageous, malicious, and oppressive
6  with the intent to benefit Defendants at the expense of Plaintiffs in conscious disregard of
7  Plaintiffs' rights and interests and, therefore, Plaintiffs are entitled to an award of
8  exemplary and punitive damages.
9
10              **SECOND CAUSE OF ACTION**
11          *(Intentional Interference with Contractual Relations)*
12      14.   Plaintiffs re-allege the preceding paragraphs and incorporate them herein by
13  reference.
14      15.   In or about September 2018, Plaintiffs, and each one of them, entered into a
15  contract (the "Contract") with FCStone to trade futures options.
16      16.   Defendants knew of the existence of the Contract between Plaintiffs and
17  FCStone.
18      17.   Defendants engaged in the aforementioned conduct that prevented
    performance or made performance of the Contract by FCStone difficult.
19      18.   Defendants intended to disrupt the performance of the Contract or knew that
20  disruption of performance was certain or substantially certain to occur.
21      19.   Defendants' conduct was a substantial factor in causing Plaintiffs' harm in
22  the amount over $500,000.00.
23      20.   Defendants' aforementioned actions were conducted with malice,
24  oppression, and fraud in order to take advantage of Plaintiffs in their most vulnerable
25  position. Defendants maliciously deprived Plaintiffs from being able to conduct their
26  trading activity with FCStone with the intent to benefit Defendants at the expense of
27  Plaintiffs in conscious disregard of Plaintiffs' rights and interests. Therefore, Plaintiffs are
28  entitled to an award of exemplary and punitive damages.

4
COMPLAINT

### THIRD CAUSE OF ACTION
*(Negligence)*

21.   Plaintiffs re-allege the preceding paragraphs and incorporate them herein by reference.

22.   Defendants were negligent in acting as the agent and the broker for Plaintiffs in that they were not competent and lacked basic knowledge of the type of futures options trading that Plaintiffs were conducting.

23.   Plaintiffs were harmed and Defendants' negligence was a substantial factor in causing Plaintiffs' harm.

### FOURTH CAUSE OF ACTION
*(Fraud by False Promise)*

24.   Plaintiffs re-allege the preceding paragraphs and incorporate them herein by reference.

25.   In or about August 2018, Defendants represented to Plaintiffs that Defendants and FCStone were agreeable to the trade practices of Plaintiffs and that as long as Plaintiffs complied with the margin and risk requirements of FCStone, Plaintiffs would not have any problem using the services of Defendants.  Defendants also represented to Plaintiffs that Defendants were knowledgeable and experienced in the type of futures options trading that Plaintiffs were interested in and that Defendants would provide competent support for Plaintiffs' trading activity.

26.   Based on the representations made by Defendants, Plaintiffs opened 4 accounts with FCStone and deposited about One million dollars in total for trading.

27.   Defendants' representations and promises were in fact false and were intended for Plaintiffs to rely on these promises in order to induce Plaintiffs to enter into the Contract with FCStone with Defendants as brokers making commission on each trade.

28.   Plaintiffs reasonably relied on Defendants' promises to their detriment.  In reliance on Defendants' false promises and representations, Plaintiffs were induced to and did enter into the Contract with FCStone.  Had Defendants not made the false promises and representations, Plaintiffs would not have entered into the Contract with FCStone.

COMPLAINT

29.     Plaintiffs' reliance on Defendants' promises were a substantial factor in causing harm to Plaintiffs.

30.     As a proximate result of Defendants' false promises and representations, Plaintiffs have suffered damages, in a sum according to proof at trial.

31.     Plaintiffs, therefore, allege that Defendants are guilty of fraud as defined by Civil Code Section 3294 with regard to the foregoing misrepresentations.  The aforementioned conduct of Defendants was willful and malicious.  Defendants' conduct deprived Plaintiffs of substantial property or legal rights or otherwise caused injury and was despicable conduct that subjected Plaintiffs to a cruel and unjust hardship in conscious disregard of Plaintiffs' rights, so as to justify an award of exemplary and punitive damages, in an amount according to proof at trial.

## FIFTH CAUSE OF ACTION
### (Fraud in the Concealment)

32.     Plaintiffs re-allege the preceding paragraphs and incorporate them herein by reference.

33.     Defendants intentionally failed to disclose important facts that Plaintiffs did not know and could not reasonably have discovered.

34.     Defendants intended to deceive Plaintiffs by concealing the facts herein alleged.

35.     Plaintiffs would not have entered into the Contract with FCStone had Plaintiffs known the concealed facts.

36.     Plaintiffs relied on Defendants' deception, and the reliance was reasonable under the circumstances.

37.     Defendants' concealment was a substantial factor in causing harm to Plaintiffs.

38.     As a proximate result of Defendants' concealment, Plaintiffs have suffered damages in a sum according to proof at trial.

39.    Plaintiffs, therefore, allege that Defendants are guilty of fraud as defined by Civil Code Section 3294 with regard to the foregoing misrepresentations.  The aforementioned conduct of Defendants was willful and malicious.  Defendants' conduct deprived Plaintiffs of substantial property or legal rights or otherwise caused injury and was despicable conduct that subjected Plaintiffs to a cruel and unjust hardship in conscious disregard of Plaintiffs' rights, so as to justify an award of exemplary and punitive damages, in an amount according to proof at trial.

**SIXTH CAUSE OF ACTION**
*(Fraud by Intentional Misrepresentation)*

40.    Plaintiffs re-allege the preceding paragraphs and incorporate them herein by reference.

41.    Defendants made the foregoing false representations of important facts to Plaintiffs.

42.    Defendants knew that the representations were false or made the representations recklessly and without regard for their truth.  Defendants made the false representations with the intention to deceive and defraud Plaintiffs to enter into the Contract.

43.    Defendants intended that Plaintiffs rely on the representations.

44.    Plaintiffs reasonably relied on the representations.  Defendants made the representations with the intention of inducing Plaintiffs to act in reliance on the representations in the manner herein alleged, or with the expectation that Plaintiffs would so act.  Had Defendants not made the false promises and representations, Plaintiffs would not have entered into the Contract with FCStone.

45.    Plaintiffs' reliance on Klein's representations was a substantial factor in causing harm to Plaintiffs.

46.    As a proximate result of Defendants' intentional misrepresentation, Plaintiffs have suffered damages in a sum according to proof at trial.

47.     Plaintiffs, therefore, allege that Defendants are guilty of fraud as defined by Civil Code Section 3294 with regard to the foregoing misrepresentations.  The aforementioned conduct of Defendants was willful and malicious.  Defendants' conduct deprived Plaintiffs of substantial property or legal rights or otherwise caused injury and was despicable conduct that subjected Plaintiffs to a cruel and unjust hardship in conscious disregard of Plaintiffs' rights, so as to justify an award of exemplary and punitive damages, in an amount according to proof at trial.

**SEVENTH CAUSE OF ACTION**
*(Negligent Misrepresentation)*

48.     Plaintiffs re-allege the preceding paragraphs and incorporate them herein by reference.

49.     Defendants made the foregoing false representations of important facts to Plaintiffs.

50.     Defendants did not honestly believe or did not have reasonable grounds for believing that the representations were true when he made it.

51.     Defendants intended that Plaintiffs rely on the representations.  Defendants made the representations with the intention of inducing Plaintiffs to act in reliance on the representations in the manner herein alleged, or with the expectation that Plaintiffs would so act.

52.     Plaintiffs reasonably relied on the representations.  Plaintiffs, at the time of the representations of Defendants as herein alleged, and in reliance on these representations, were ignorant of the falsity of Defendants' representations and believed them to be true.

53.     Plaintiffs' reliance on Defendants' representations were a substantial factor in causing harm to Plaintiffs.  As a proximate result of the negligent misrepresentations of Defendants as herein alleged, and in reliance on these representations, Plaintiffs were induced to enter into the Contract with FCStone.  Had Defendants not made the false

promises and representations, Plaintiffs would not have entered into the Contract with FCStone.

54.    By reason of the negligent misrepresentations of Defendants, Plaintiffs have been damaged in an amount according to proof at trial.

**WHEREFORE,** Plaintiffs pray for judgment against Defendants as follows:

**AS TO ALL CAUSES OF ACTION:**

1.    For compensatory and consequential damages according to proof;

2.    For general damages according to proof;

3.    For prejudgment interest as allowed by law;

4.    For costs incurred herein; and

5.    For such other and further relief as the Court deems just and proper.

**AS TO CAUSES OF ACTION 1, 2, 4, 5 and 6:**

6.    For exemplary and punitive damages, according to proof.

**DEMAND FOR JURY TRIAL**

Plaintiffs demand a trial by jury of any issue triable of right by a jury.

Date:  December 26, 2019          DANESHRAD LAW FIRM, APC

By:  _Joseph Daneshrad, Esq._
     Joseph Daneshrad, Esq.
     *Attorney for Plaintiffs*

COMPLAINT