# United States District Court
# Central District of California
# Western Division

| | |
|---|---|
| JACOB DANESHRAD, *et al.*, <br><br>  Plaintiffs, <br><br> v. <br><br> TREAN GROUP, LLC, *et al.*, <br><br>  Defendants. | CV 20-02210 TJH (MRWx) <br><br><br> Order <br><br> JS-6 |

The Court has considered Defendants' motion to transfer the case to the Northern District of Illinois, together with the moving and opposing papers.

The following facts are as alleged in the complaint.

Plaintiffs Jacob Daneshard, Joseph Daneshrad, and Hasson Blurfrushan are high net worth investors. Joseph Daneshard, an attorney, is representing himself and the other Plaintiffs. Defendants are introducing brokers. In August, 2018, Defendants approached Plaintiffs and offered their services. Based on the types of trades Plaintiffs wanted to make, Defendants recommended Plaintiffs work with FCStone Financial Inc. ["FCStone"], a clearing firm. Thereafter, Plaintiffs opened four accounts with FCStone.

On December 31, 2018, "when the market was at its lowest, Defendants, in bad

faith, and in violation of their fiduciary duty to Plaintiffs and without any regard for Plaintiffs' interests, decided that they no longer wanted to be Plaintiffs' broker, knowing full well that their decision would force FCStone to stop allowing Plaintiffs to trade any more." Defendants advised FCStone of their decision. FCStone, then, froze Plaintiffs' accounts. "As a result, Plaintiffs were forced to liquidate all of their positions and close the accounts and suffered over $500,000.00 in damages."

On December 26, 2019, Plaintiffs filed this action in the Los Angeles Superior Court alleging: (1) Breach of fiduciary duty; (2) Intentional interference with contractual relations; (3) Negligence; (4) Fraud by false promise; (5) Fraud in the concealment; (6) Fraud by intentional misrepresentation; and (7) Negligent misrepresentation. On March 6, 2020, Defendants removed. FCStone was not joined as a defendant.

Defendants, now, move to transfer the case to the Northern District of Illinois, arguing that transfer is proper because they and, at least, five identifiable non-party witnesses are based in Illinois.

Pursuant to 28 U.S.C. § 1404(a), the Court has the discretion to transfer an action to any other district where it may have been brought for the convenience of the parties and witnesses and in the interest of justice. Plaintiffs do not dispute that venue would be proper in the Northern District of Illinois. *See* 28 U.S.C. § 1391.

As the moving party, Defendants have the burden of showing that the convenience of parties and witnesses and the interest of justice require transfer to the North District of Illinois. *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979). Indeed, the most important factor in considering a § 1404(a) motion is the convenience of the witnesses. *See Rubio v. Monsanto Co.*, 181 F. Supp. 3d 746, 762 (C.D. Cal, Mar. 24, 2016).

Plaintiffs' theory of the case is that Defendants, *inter alia*, breached their fiduciary duties to Plaintiffs by causing FCStone to close Plaintiffs' accounts. According to Defendants, all of its employees – including two of the named defendants

– and all of the records pertaining to their interactions with Plaintiffs are in Illinois. Further, the FCStone office, it's records, and its five FCStone employees that Defendants identified as potential witnesses are, also, in Illinois.

The arguments set forth in Plaintiffs' opposition – that California is the appropriate venue because: (1) Defendants' reached out to Plaintiffs in California; (2) California law applies; (3) The potential FCStone witnesses identified by Defendants are not actually witnesses because they have no personal knowledge of what transpired between Plaintiffs and Defendants; and (4) Plaintiffs' choice of forum should be given priority, especially given that Plaintiffs' attorney is a sole practitioner and would be inconvenienced by the transfer – do not sufficiently rebut Defendants' showing that the convenience to witnesses and the interest of justice warrant a transfer. *See Rubio*, 181 F. Supp. 3d at 762. For example, Plaintiffs' first two arguments conflates § 1404(a) with personal jurisdiction, and Plaintiffs' argument that FCStone's employees would have no evidentiary value as witnesses is belied by their own theory of the case.

Having considered and balanced the necessary factors, the Court deems transfer to the Northern District of Illinois appropriate, here.

Accordingly,

It is Ordered that the motion to transfer be, and hereby is, Granted.

Date: June 30, 2020

Terry J. Hatter, Jr.
Senior United States District Judge